The Singac Trust Company was taken over by the commissioner of banking and insurance November 7th, 1931. The postmaster of Singac had on deposit the receipts of his office, and the United States government, claiming preference over other depositors, petitions the court to order the commissioner to pay.
The court is without jurisdiction. The trust estate is in the custody of the commissioner, not this court. The administration of the trust is committed to him by law, subject to check by the court in matters delegated to it by the statute. In all other respects the court has no more control over him than it has over any other trustee whose estate and its administration have not been subjected to the court's supervision *Page 449 
under its inherent jurisdiction. Among the powers conferred upon the commissioner by the Trust Company act, as amended in 1931 (P.L. p. 631), he is the sole judge of the validity of claims against the estate, and when rejected there is no appeal to this court. The commissioner may petition the court for instructions, but creditors may not ask that he be directed. Upon his request the court may decide and compel obedience. That statutory privilege is denied the disappointed creditor, who must seek vindication in the common law remedies. The statute so provides and it places a limitation upon the action. The government must resort to a plenary suit as in United States v. Oklahoma,261 U.S. 253. The government's summary proceeding by petition and order to show cause must be dismissed.
Assuming jurisdiction, the petition does not show a cause for relief. After alleging the deposit, the petition charges that "on or about the 7th day of November, 1931, the Singac Trust Company had suspended its ordinary business" and "in accordance with the laws of New Jersey 1931, chapter 256, the commissioner of banking and insurance had taken possession of the property and business of the said bank for the purpose of liquidation." These naked facts do not entitle the United States government to a preference under section 3466 of the United States Revised Statutes upon which it rests its claim. The section reads:
"Section 191. Priority established. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."
Under the Trust Company act, as amended, the commissioner's warrant for taking possession finds authority in numerous delinquencies, thus: *Page 450 
"22. Whenever it shall appear to the commissioner of banking and insurance that any trust company has violated its charter or any law of this state, or is conducting its business in an unsafe or unauthorized manner, or if any such trust company shall refuse to submit its books, papers and concerns to the inspection of said commissioner or any examiner appointed by him, or if any officer or director thereof shall refuse to be examined upon oath touching the concerns of any such trust company, or if any such trust company shall suspend payment of its obligations, or suspend its ordinary business for want of funds to carry on the same or shall become insolvent, or if from any examination or report provided for by this act the commissioner shall have reason to conclude that such trust company is in an unsound or unsafe condition to transact business, or that it is unsafe or inexpedient for it to continue business, or if any such trust company shall neglect or refuse to observe an order of the commissioner issued pursuant to section twenty-three of this act, the commissioner may forthwith take possession of the property and business of such trust company, and retain such possession until such trust company shall resume business, or its affairs be finally liquidated as herein provided."
Obviously, the suspension of its ordinary business by the trust company and the possession by the commissioner for the purpose of liquidation may have been occasioned by any one or more of the causes foreign to the circumstances essential to the government right of priority under section 3466. The petition fails in its specifications to bring the case within the section. The point is settled in United States v. Oklahoma, supra, where, in sustaining a motion to dismiss the bill, which alleged that the commissioner took over the bank for insolvency (and here the petition does not even allege insolvency), Mr. Justice Butler held, and the fifth headline reflects his views: "Such a taking over of a bank by the act of the commissioner upon a finding by him of its insolvency does not establish the right of the United States to priority of payment under Rev. Stat. § 3466 because it does not imply insolvency within the meaning of that section and does not otherwise satisfy its conditions, either as a voluntary assignment, as an attachment of assets of an absconding, concealed or absent debtor, or as an act of bankruptcy as defined by the Bankruptcy act (section 3a) or any law of the state." *Page 451